# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. FRANKLIN, <br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of the <br> Social Security Administration, <br> Defendant. | ) <br> ) <br> ) <br> ) CAUSE NO.: 1:17-CV-202-PRC <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 22], filed by Plaintiff James L. Franklin on March 22, 2018.

On May 5, 2017, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision to deny him disability insurance benefits. On October 12, 2017, Plaintiff filed an Opening Brief. On December 22, 2017, the Commissioner filed a consented motion to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). The Court granted that motion on January 3, 2018.

In the instant Application for Attorneys' Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,799.82 for 6.6 attorney hours at a rate of $195.73 per hour, 51 "law clerk with a J.D." hours at an hourly rate of $125.00, and 1.4 legal assistant hours at an hourly rate of $95.00.

On March 28, 2018, the Commissioner filed a response brief in opposition to Plaintiff's fee request. The Commissioner argues that the number of hours claimed by the law clerk is excessive and that the hourly rate charged for the law clerk is unreasonable. Plaintiff did not file a reply.

Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith

effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id*. at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434 and citing 28 U.S.C. § 2412(d)(1)(C))). Plaintiff represents that the number of law clerk hours has been reduced by 20 hours because the law clerk was relatively new at the time she performed work on the opening brief, and that the 20 hours not claimed represent time spent training the law clerk, which are not properly billed to the government. The amount of the fee award is a matter of discretion for the Court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

The Commissioner contends that the number of hours claimed by Plaintiff is excessive because, in light of the motion to remand, Plaintiff needed to neither draft and file a reply brief nor prepare for a hearing. The Commissioner requests a reduction of the law clerk's hours to 26 hours, citing a case in which a court found 25.2 hours to be not per se excessive for drafting an opening brief. The Commissioner further argues that, in light of the law clerk's little experience and the necessity of over six hours of attorney review, the hourly rate for the law clerk with J.D. should be reduced to $95. The requested reduction of hours and rate would decrease the award to $3,894.82.

Courts within the Seventh Circuit Court of Appeals have found a reasonable number of hours for work on a social security appeal to range from 40-60 hours. *See, e.g.*, *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing cases); *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (citing cases). Plaintiff requests fees for 59 hours of work.

That other courts have found lesser hours to be reasonable does not, in itself, make higher hours unreasonable. Here, the hours were spent by a law clerk, who has a lower hourly rate than an attorney. The administrative record is 858 pages. Perhaps, if the hours performed by the law clerk were performed by an attorney, then the hours spent may have been unreasonable, but the Court need not resolve that counterfactual question. In light of the circumstances of this case, the Court finds the 51 hours requested for time spent by the law clerk with a J.D. to be reasonable.

"It is commonplace for attorneys to use law clerks to assist with preparing Social Security briefs, and because of their limited experience, it is also expected that senior attorneys will spend time reviewing the work completed by law clerks." *Dross-Swart v. Colvin*, No. 2:11-CV-175, 2013 WL 2250280, at *2 (N.D. Ind. May 21, 2013) (citing *Beardsley v. Astrue*, No. 2:07-C-776, 2011 WL 3566930, *2 (E.D. Wis. Aug. 15, 2011)). In circumstances such as these, where the law clerk has a law degree and performs substantive work, an hourly rate of $125 is reasonable. *See id.* (citing *Beardsley*, 2011 WL 3566930).

Having reviewed the fee petition, the Court finds that the number of hours and the hourly rates to be reasonable and not excessive in light of the facts and circumstances of this case and consistent with the range of fee requests in social security litigation before this Court.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 22] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $7,799.82 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the

Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

So ORDERED this 5th day of April, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT